UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REGINALD YOUNGBLOOD, # 05733-095                                                    PETITIONER

V.                                                            CIVIL ACTION NO. 3:23-CV-3086-DPJ-ASH

WARDEN UNKNOWN BAYSORE, ET AL.                                                    RESPONDENTS

REPORT AND RECOMMENDATION

Petitioner Reginald Youngblood, a federal inmate, filed this habeas petition under 28 U.S.C. § 2241 challenging the Bureau of Prisons' calculation of jail-time credits. As explained below, the undersigned recommends that Youngblood's petition be denied and the case be dismissed with prejudice.

I.      Facts and Procedural History

On June 17, 2010, Louisiana state authorities arrested Youngblood on several state charges. While Youngblood was in the custody of the State of Louisiana, a federal grand jury in the Middle District of Louisiana indicted him on three federal charges. On February 10, 2011, Youngblood was temporarily taken into federal custody under a writ of habeas corpus *ad prosequendum*. On November 2, 2012, the federal district court sentenced Youngblood to a 112-month term of incarceration.[1] On November 27, 2012, Youngblood was returned to state authorities, and on August 7, 2013, the Louisiana District Court for the Parish of East Baton Rouge sentenced him to serve 15 years on an attempted murder charge (Case No. 06-10-0606) and 5 years consecutive for possession with intent to distribute and possession of an illegal firearm (Case No. 09-10-0638). Fanello Decl. [7-1] ¶¶ 11–12. On March 18, 2022, upon the

---

[1] On February 23, 2016, the sentencing court reduced Youngblood's sentence to a 102-month term of imprisonment.

completion of his state sentence, Youngblood was released to the custody of the United States Marshals Service to begin serving his federal sentence.

Believing the BOP should give him credit for the time he was held in federal custody from February 10, 2011, to November 27, 2012, Youngblood filed this petition for habeas corpus under 28 U.S.C. § 2241. Respondent filed a response to the petition. Youngblood filed no reply.

II.     Analysis

"The BOP is responsible for calculating sentencing credit, and the proper vehicle for raising . . . a challenge [to that calculation] is a petition pursuant to 28 U.S.C. § 2241." *United States v. Sonsteng*, No. 2:17-539, 2021 WL 2380054, at *1 (S.D. Tex. June 9, 2021) (citing *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000)). Title 18 U.S.C. § 3585 governs calculation of a term of imprisonment and provides

> (a) Commencement of sentence.—A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the offense was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). In enacting this statute, "Congress made clear that a defendant could not receive double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). And that is precisely what Youngblood seeks here, because the record

before the Court shows that East Baton Rouge Parish gave Youngblood jail credit for 1,147 days toward his fifteen-year sentence in Case Number 06-10-0606. Fanello Decl. [7-1] ¶¶ 4, 16; *id.* at Attachment 1 (documenting for Case Number 06100606 that Youngblood received the following: "JAIL CREDIT 001147"). There are 1,147 days between June 17, 2010, when Youngblood was first arrested, and August 7, 2013, when he was sentenced in state court. Youngblood's time in federal pretrial detention—February 10, 2011, to November 27, 2012— falls within that window. The State of Louisiana credited Youngblood's state sentence for the jail time in question. Under § 3585, he may not get double credit for that time.[2]

III.     Conclusion

For the foregoing reasons, the undersigned recommends that Youngblood's petition be denied and the case dismissed with prejudice.

IV.     Notice of Right to Object

In accordance with Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1), any party, within fourteen days after being served a copy[3] of this report and recommendation, may serve and file written objections to the recommendations, with a copy to the United States District Judge, the Magistrate Judge, and the opposing party. The District Judge at the time may

---

[2] Youngblood asserts he was in federal custody during his period of federal pretrial detention. Pet. [1] at 6. Because Youngblood had been arrested on state charges before his transfer, pursuant to a writ of habeas corpus *ad prosequendum*, for his federal proceedings, the State of Louisiana retained primary jurisdiction over him throughout those proceedings. *Washington v. Chandler*, 533 F. App'x 460, 461 (5th Cir. 2013) ("When he was transferred to the Northern District of Texas pursuant to writs of habeas corpus ad prosequendum, each transfer was 'only a "loan" of the prisoner' such that Texas retained primary jurisdiction." (citation omitted)). Youngblood did not enter exclusive federal custody until March 18, 2022, when he was transferred to the custody of the United States Marshals Service at the conclusion of his state sentence. Fanello Decl. [7-1] ¶ 14. In any event, as explained above, Youngblood received credit for his time in federal pretrial detention—just on his state sentence.

[3] When a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).

3

accept, reject, or modify, in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to the undersigned with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court for which there is no objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Alexander v. Verizon Wireless Services, L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

    Respectfully submitted, this the 14th day of May, 2025.

                                            s/ *Andrew S. Harris*
                                            UNITED STATES MAGISTRATE JUDGE