UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

REGINALD YOUNGBLOOD                                                                PETITIONER

V.                                                          CIVIL ACTION NO. 3:23-CV-3086-DPJ-ASH

WARDEN UNKNOWN BAYSORE et al.                                             RESPONDENT

ORDER

Reginald Youngblood, a federal inmate, petitions [1] pro se under 28 U.S.C. § 2241 to challenge how the Federal Bureau of Prisons computed his jail-time credits. The Court ordered [3] the Respondent warden to answer the petition, which was done [7]. Youngblood didn't reply, and on May 14, 2025, United States Magistrate Judge Andrew S. Harris issued his report and recommendation [9], advising that the petition be denied. Youngblood had 14 days to object. Fed. R. Civ. P. 72(b)(2); *see* R&R [9] at 3 (advising Youngblood of deadline). He has not objected, and his time to do so has passed.[1]

"When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee's note (1983), *quoted in Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996) (en banc), *superseded on other grounds by* 28 U.S.C. § 636(b)(1) *as noted in Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

---

[1] The docket reflects that the R&R was returned to the Clerk because Youngblood is no longer at the address he provided. But as with every pro se petitioner, Youngblood was warned he must update his changes of address. Notice [1-2]. *See Perkins v. King*, No. 84-3310, slip op. at 4 (5th Cir. March 19, 1985) ("It is incumbent upon litigants to inform the clerk of address changes . . . ."), *quoted in Gines v. Pearson*, No. 5:10-CV-112-DCB-JMR, 2011 WL 5873006, at *2 (S.D. Miss. Aug. 11, 2011), *report and recommendation adopted*, 2011 WL 5873003 (S.D. Miss. Nov. 23, 2011).

Having been arrested on state charges and then indicted on federal charges, Youngblood ended up serving almost nine years on a Louisiana sentence before being released to the United States Marshal Service to begin serving his federal sentence.  Fanello Dec. [7-1] ¶¶ 4–14.  Youngblood thinks he's entitled to credit for a period in federal custody from February 10, 2011, to November 27, 2012.  Pet. [1] at 2.  But as Judge Harris points out, that span falls within the 1,147 days' detention that the State of Louisiana credited towards his state sentence.  R&R [9] at 2–3 (citing Fanello Dec. [7-1] ¶¶ 4, 16 & Att. 1).  Youngblood can't credit the same time against two different sentences.  *Id*. at 2 (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992)).  Having reviewed the record and found no clear error, the Court accepts the well-reasoned recommendation of Judge Harris.

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge Andrew S. Harris [9] is adopted as the findings and holdings of this Court.  Youngblood's Petition [1] is denied.  A separate judgment will be entered.  Fed. R. Civ. P. 58(a).  No certificate of appealability need issue.  *Padilla v. United States*, 416 F.3d 424, 425 (5th Cir. 2005) (citing *Ojo v. INS*, 106 F.3d 680, 681 (5th Cir. 1997)).

**SO ORDERED AND ADJUDGED** this the 5th day of June, 2025.

> s/ *Daniel P. Jordan III*
> UNITED STATES DISTRICT JUDGE